## CLARKE *v*. THE STATE.

1. Counsel has no right to infer that time for argument is granted beyond that fixed by the rule of court, from the silence of the judge when asked informally, "How much time are you going to give us?"

2. It is not an assault and battery for one who is in charge of premises in the absence of the owner to put his hands on a drunken man to remove him forcibly and against his will from one of the rooms in which the owner shortly before leaving the premises had placed him to keep him out of the way of the police, the person attempting such removal having no knowledge or information of this act on the part of the owner, and the drunken man not giving any notice of it, nor making any claim of privilege on the ground of the owner's consent.

3. Assignments of error on the admission of evidence, without any ground of objection being stated, are not matters for adjudication by the Supreme Court.          *Judgment reversed.*

August 1, 1892.

Criminal law. Assault and battery. Argument. Practice. Before Judge Ross. City court of Macon. December term, 1891.

Clarke was convicted of assault and battery. His motion for a new trial was overruled. The motion contains the following grounds:

1. The verdict was caused by deprivation of a full and fair trial. The evidence was extensive; and the legal questions argued, and the authorities cited for the State and tendered to counsel for the defendant pending the argument, required considerable time to be

read and commented on by him. After the evidence had closed, the solicitor-general failing promptly to begin his argument, the court directed him to proceed, announcing that his time was being computed against him. He began the argument, and Mr. Preston, of counsel for the defendant, privately and informally asked the court, "How much time are you going to give us?" The court, without intentional discourtesy, failed to reply, and Mr. Preston assumed and believed that the court would allow such time as was deemed necessary to argue the case, and therefore made no division of the time with his associate counsel, Mr. Polhill, who argued the case about twenty-five minutes. Pending this argument the solicitor-general presented three decisions of the Supreme Court to Mr. Preston, who in his argument consumed not less than twenty-five minutes in reading and commenting upon these decisions, thus leaving him only a few minutes to argue the case. While so arguing the court informed him that he had only five minutes; whereupon he expressed surprise, and stated what had occurred, that he was misled by the court, that he could not do justice to his client without more time, and that he had scarcely entered upon the argument of the case. The court called attention to the rule of court, and allowed no credit for the twenty-five minutes consumed in reading and commenting on the Supreme Court decisions. No request was made before argument was begun, by either one of counsel for the defendant, for longer time than that fixed by rules of court.

2. There was testimony that Cross, the person struck by the defendant, was sitting in an alley near the shop of Ammons, where the defendant worked, and he appeared to Ammons to be drunk. To keep the police from getting him Ammons asked him to go into the shop, took him to the rear side door and into a room

where he kept carriages, etc., placed him on an old cushion, and then left the shop without telling the defendant about this, and defendant did not know that Ammons had placed him there. Defendant took hold of him, pulled him up and told him to go out. He walked off a few feet, turned and spoke insolently to defendant, who thereupon struck him with a piece of scantling.

The court charged the jury, "that if Ammons placed Cross in the shop he had as much right to be there as defendant, and that if the defendant put his hands on him to remove him forcibly and against his will, that would be assault and battery." The court also charged that Cross had no right to remain in the shop longer than he properly deported himself, and that if he became boisterous or disorderly, the defendant, if left in charge of the shop by the proprietor, in the absence of the proprietor had the right to use such force as was necessary to eject Cross. The defendant contended that the portion of the charge quoted was error, because it was not warranted by the evidence, and because it directed the attention of the jury to the technical offence of placing hands upon Cross, the effect of which was to direct the jury to find that, however good might be the defence to the main rencounter and however successfully the State's witness Fambro might have been impeached, the defendant, having admitted that he did place hands upon Cross, could still be found guilty technically of assault and battery; whereas the *gravamen* of the offence was the striking of Cross with a piece of timber, and to this the evidence of the defendant was directed, no complaint being made of the placing of hands upon Cross.

3. The only witness for the State who testified to having seen the assault and battery, was Preach Fambro, colored. The defendant introduced testimony to

impeach him, and in rebuttal the State, for the purpose of supporting his credibility, was allowed to prove by two witnesses, over defendant's objection, that ten or fifteen minutes after the difficulty Fambro made to them a statement similar to that to which he testified. The ground of objection is not stated.

PRESTON, GILES & POLHILL, for plaintiff in error.
W. H. FELTON, Jr., solicitor-general, *contra*.